**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 02:25 PM December 14, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| JAMES H. MADDERN, | ) CASE NO. 11-63661 |
| | ) |
| Debtor. | ) ADV. NO. 12-6036 |
| _____ | ) |
| LISA M. BARBACCI, | ) JUDGE RUSS KENDIG |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **MEMORANDUM OF OPINION (NOT** |
| KORENA BORAN AND DARL | ) **INTENDED FOR PUBLICATION)** |
| FERGUSON, | ) |
| | ) |
| Defendants. | ) |

On November 26, 2012, Plaintiff moved for an extension of the discovery deadline. Both Defendants oppose the motion.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

# BACKGROUND

Plaintiff filed a complaint against Defendants on May 22, 2012 seeking recovery on an unjust enrichment claim. The complaint alleges that Defendant Korena Boran obtained Debtor's remodeling services on a home titled to Defendant Darl Ferguson, her father, in which she has an equitable interest.

Following the initial pretrial, the court issued an order setting September 28, 2012 as the discovery cut-off date and scheduling an October 2012 trial. On October 4, 2012, the parties filed a joint motion to extend discovery and continue the trial. The court granted the motion, setting a new discovery deadline of November 30, 2012 and rescheduling the trial for February 2013.

Based on the pleadings now before the court, Defendant Darl Ferguson was scheduled to be deposed on October 4, 2012 and cancelled the deposition for medical reasons. The deposition was not rescheduled. On November 26, 2012, Plaintiff moved for a second extension of the discovery deadline, proposing a new deadline of December 31, 2012, in order to obtain Defendant Ferguson's deposition. Both Defendants oppose the motion.

# DISCUSSION

Federal Rule of Bankruptcy Procedure 7016, incorporating Federal Rule of Civil Procedure 16, lays out the standard for determining whether to modify a scheduling order, stating "[a] schedule may be modified only for good cause and with the judge's consent." With some hesitation, the court will grant the motion.

It is undisputed that Defendant Ferguson's deposition was cancelled for medical reasons. Defendants' letter, dated November 15, 2012, speaks to continuing medical concerns and provides Plaintiff with a medical progress report. The letter references the "grave effects" on Mr. Ferguson's health resulting from the lawsuit. Plaintiff's contention that she believed Defendant's health concerns were still an issue is not unfounded. Consequently, the court will grant the extension.

Defendants aptly point out that this matter was within the control of Plaintiff, who did nothing until the subsequent discovery deadline had all but expired. This is a point well taken. Plaintiff's failure to be more active in pursuing a new deposition date was not admirable, but the court cannot find that there was not good cause given the facts of the case.

An order granting the extension will be entered immediately.

#     #     #

**Service List:**

Michael J Moran
Gibson & Lowry
PO Box 535
234 Portage Trail
Cuyahoga Falls, OH 44222

Robert E Soles, Jr
Washington Square Office Park
6545 Market Avenue, N
North Canton, OH 44721-2430