**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 03:26 PM January 11, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| JAMES H. MADDERN, ) | CASE NO. 11-63661 |
| ) | |
| Debtor. ) | ADV. NO. 12-6036 |
| _____ ) | |
| LISA M. BARBACCI, Trustee, ) | JUDGE RUSS KENDIG |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION (NOT** |
| KORENA BORAN and ) | **INTENDED FOR PUBLICATION)** |
| DARL FERGUSON, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Now before the Court is Korena Boran and Darl Ferguson's ("Defendants") motion for jury trial, filed on November 8, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in

1

electronic or printed form, is not the result of a direct submission by the court.

This matter arises in the Chapter 7 bankruptcy of James H. Maddern. Plaintiff is the chapter 7 trustee. On May 22, 2012, Plaintiff filed a complaint alleging a claim of unjust enrichment and seeking damages of $51,900.00. The complaint was originally set for trial on October 22, 2012 and by joint motion of the parties was continued to allow further discovery. The complaint is currently set for trial on February 4, 2013.

On November 8, 2012, Defendants filed a motion for jury trial ("motion") seeking a jury trial pursuant to Fed. R. Bankr. P. 9015(a) and Fed. R. Civ. P. 38 and 39(b).

Plaintiff filed a response in opposition to Defendant's motion on November 26, 2012. Plaintiff argues that Defendants failed to file a jury demand within fourteen (14) days after the last pleading directed to the issue is served as required by Fed. R. Civ. P. 38. Plaintiff also argues that Defendants failed to request withdrawal of the reference which serves as a waiver of the right to trial by jury. Finally, Plaintiff argues that the court has discretion to determine whether or not to grant the request for a jury trial and should deny the request as it would result in delay and prejudice to Plaintiff and the bankruptcy estate without good reason.

Defendants filed a reply in support of their motion on November 30, 2012. Defendants argue that they are not required to seek withdrawal of the reference if the parties consent to a trial by jury. Further, their demand for a jury trial is not untimely because timeliness is not a fixed date. Finally, Defendants argue that the factors of this adversary proceeding weigh in favor of preserving their right to a jury trial.

## **LAW AND ANALYSIS**

Pursuant to Fed. R. Civ. P. 38(b), made applicable to this proceeding by Fed. R. Bankr. P. 9015, provides that:

> On any issue triable of right by a jury, a party may demand a jury trial by:
> (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
> (2) filing the demand in accordance with Rule 5(d).

If a party fails to make a demand for a jury trial within the fourteen (14) day time period, that party is deemed to have waived the right to trial by jury. Fed. R. Civ. P. 38(d). Fed. R. Civ. P. 7(a) defines "pleadings" as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer if one is ordered by the court. Courts interpreting Rule 38(b) have held that the above pleadings are the only ones that qualify as a "last pleading" under Rule 38(b). Webb v. White (In re White), 222 B.R. 831, 833 (Bankr. W.D. Tenn. 1998); (citing McCarthy v. Bronson, 906 F.20 835, 840 (2d Cir. 1990), *aff'd* 500 U.S. 136 (1991);

McFarland v. Leyh (In re Texas General Petroleum Corp.), 52 F.3d 1330, 1339 (5th Cir. 1995)); *accord* Kaiser Steel Corp. v. Frates (Kaiser Steel Corp.), 911 F.2d 380, 388 (10th Cir. 1990).

In the instant matter, the only pleadings filed are Plaintiff's complaint and Defendants' answer. Defendants served their answer on June 11, 2012. Any demand for a jury trial was due by June 25, 2012. Having made no such demand by June 25, 2012, Defendants are deemed to have waived their right to a jury trial as of June 26, 2012. Accordingly, Defendants' motion for a jury trial pursuant to Fed. R. Civ. P. 38 will be denied.

Defendants' motion also seeks a jury trial pursuant to Fed. R. Civ. P. 39(b). Fed. R. Civ. P. 39(b) provides that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Rule 39(b) has been referred to as a "saving clause" because it may warrant a court to order a jury trial even though the movant waived the right to a jury trial by failing to comply with the mandatory provisions of Rule 38(b). Johnson v. Gardner, 179 F.2d 114, 118 (9th Cir. 1949). A Rule 39(b) motion is addressed at the discretion of the court. Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 207 (6th Cir. 1990); *accord* Misco, Inc. v. United States Steel Corp., 784 F.2d 198, 205 (6th Cir. 1986); Johnson, 179 F.2d at 118.

To determine whether or not to grant a Rule 39(b) motion, courts in the Sixth Circuit adopted the Parrott test, which involves balancing five elements: 1) whether the case involves issues best tried to a jury; 2) whether granting the motion for jury trial would disrupt the court's or adverse parties' schedules; 3) how greatly adverse parties will be prejudiced; 4) how long the movant delayed in requesting the jury trial; and 5) why the movant had not made a timely request for a jury trial. Yoder v. T.E.L. Leasing, Inc. (In re Surburban Motor Freight, Inc.), 114 B.R. 943, 954 (Bankr. S.D. Ohio 1990) (citing Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983)); *accord* Misco, 784 F.2d at 205. Mere inadvertence or oversight of counsel as a justification for the delay in requesting a jury trial is not sufficient. Misco, 784 F.2d at 205; *accord* United States Securities and Exchange Commission v. The Infinity Group Co., 212 F.3d 180, 195 (3d Cir. 2000).

In the instant matter, the elements of the Parrott test weigh heavily toward denial of Defendants' motion. The first element is the only one that would support a granting of the Rule 39(b) motion because Plaintiff's complaint for unjust enrichment contains issues that arguably may be better, though not necessarily, tried by a jury. At this late date, with a trial quickly approaching on February 4, 2013, even considering that Defendants filed their motion on November 8, 2012, switching gears to a jury trial would definitely prejudice Plaintiff's schedule and would adversely affect Plaintiff. Since June 26, 2012, when Defendants effectively waived their right to a jury trial, the Court assumes that Plaintiff has been preparing for a bench trial. Plaintiff's litigation plan is likely tailored to a bench trial, not a jury trial. Switching to a jury trial at this date would require a continuance of the trial date. A continuance would prejudice Plaintiff and the bankruptcy estate by delaying resolution of the bankruptcy case and distribution of assets potentially recovered for creditors of Debtor.

Further, Defendants' delay in requesting a jury trial is not merely a minor delay.

3

Defendants waited nearly five (5) months to request a jury trial, which given the quick docket of this proceeding, is quite a significant delay. The trial was originally scheduled for October 22, 2012 and was set to go forward until October 4, 2012 when parties filed a joint motion to continue the trial and until October 15, 2012 when the Court entered an order continuing the trial until February 4, 2013. The Court assumes that Plaintiffs anticipated a bench trial at least through October 15, 2012 because if the trial had gone forward on October 22, 2012, it would have been a bench trial.

Finally, Defendants' only justification for the delay that the Court can glean from the motion and reply is that "Defendants have evaluated the legal issues at hand and have made the determination that they wish to exercise the right to have these issues heard by a jury." The legal issues in this proceeding have not changed since the complaint was filed. Thus, the Court can only conclude that counsel failed to timely demand a jury trial and decided now to move for a jury trial. Inadvertence of Defendants' counsel to request a jury trial previously is not sufficient. There is no other justification presented by Defendants and this Court cannot create a justification.

Accordingly, for the reasons set forth above, the Court will deny Defendants' motion for a jury trial pursuant to Fed. R. Civ. P. 39(b).

Both Plaintiff, in her response, and Defendants, in their reply, make arguments regarding withdrawal of the reference of this proceeding. The Court need not reach this issue.

An order will be entered simultaneously with this opinion.

#   #   #

**Service List:**

Michael J Moran
Gibson & Lowry
PO Box 535
234 Portage Trail
Cuyahoga Falls, OH 44222

Lisa M. Barbacci, Trustee
P.O. Box 1299
Medina, OH 44258-1299

Robert E Soles, Jr
Washington Square Office Park
6545 Market Avenue, N
North Canton, OH 44721-2430

Korena Boran
3328 SR 45 South
Salem, OH 44460

Darl Ferguson
10490 Salineville Road
Salineville, OH 43945