**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:23 PM January 17, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| JAMES H. MADDERN, | CASE NO. 11-63661 |
| Debtor. | ADV. NO. 12-6036 |
| LISA M. BARBACCI, Trustee, | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | |
| KORENA BORAN and DARL FERGUSON, | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| Defendants. | |

    Now before the Court is Korena Boran's[1] ("Boran") motion for summary judgment, filed on December 7, 2012, and Darl Ferguson's ("Ferguson") motion for summary judgment, filed on December 7, 2012.

    The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper

---

[1] Boran's motion and reply list her name as "Boron," but the docket spells her name "Boran." For continuity, the Court will refer to Defendant as "Boran."

1

pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

This matter arises in the Chapter 7 bankruptcy of James H. Maddern ("Maddern" or "Debtor"). Plaintiff is the chapter 7 trustee. On May 22, 2012, Plaintiff filed a complaint alleging a claim of unjust enrichment and seeking damages of $51,900.00. The complaint was originally set for trial on October 22, 2012 and by joint motion of the parties was continued to allow further discovery. The complaint is currently set for trial on February 4, 2013.

Debtor and Boran were involved in a romantic relationship from at least March 2010 through September 2011. Boran is the daughter of Ferguson. Ferguson is the owner of real property located at 14320 Little Cola Road in Rockbridge, Ohio ("Property"), which contains a small cabin. Ferguson purchased the Property in March 2010. Ferguson did not use the Property as his primary residence. Rather, the Property was used on weekends by Ferguson's family and friends, including Boran, Debtor, and Debtor's children. Plaintiff alleges that while the cabin was purchased in Ferguson's name, it was actually paid for and used by Boran. The transaction was completed in Ferguson's name to hide the asset from Boran's ex-husband.

From Spring 2010, Debtor and Boran utilized the Property on the weekends and finding the cabin small, Debtor completed improvements to it. There was no formal agreement between Debtor, Boran, and Ferguson regarding payment for the labor to complete improvements. It was Debtor's understanding that he and his children would receive benefits from his labor through the use of the cabin. The materials for the projects were purchased by Debtor using his contractor's discount at Lowe's and Boran reimbursed him in cash. In addition to Debtor's labor, Boran also hired and paid separate contractors who completed various projects to the Property.

In March 2011, Debtor and Boran broke up temporarily and during the break up, Debtor sent Boran a text that stated he sought payment for his labor on the Property. After their relationship resumed, Debtor did not reiterate his demand for payment. Debtor resumed making improvements to the Property. Later Debtor and Boran terminated their relationship permanently. In December 2011, Debtor visited the Property one final time to pick up tools.

Plaintiff claims that Boran and Ferguson were unjustly enriched by the improvements that Debtor completed to the Property. On December 7, 2012, both Boran and Ferguson each separately filed motions for summary judgment.

Boran argues that she cannot be unjustly enriched because she does not own the Property. Debtor enjoyed the improvements just as Boran enjoyed them. All discussions of improvements to the Property were made as a romantic couple, not a business transaction. Other than one text sent during a fight, Debtor never sought any payment for his labor. Thus, Plaintiff has not established the elements for unjust enrichment.

2

Ferguson argues that Plaintiff has failed to prove that he had any knowledge of improvements being made since it is clear that Ferguson was unaware that work was contemplated and being performed. Had Ferguson known improvements were being completed, he would have discussed it with Debtor, including cost, design, and material, and would have requested estimates from other contractors. Further, Ferguson echoes Boran's argument that Debtor enjoyed the improvements as well as Ferguson. Finally, Debtor never demanded any payment for his labor. Thus, Plaintiff has not established the elements for unjust enrichment.

Plaintiff filed a combined response to Boran's and Ferguson's motions to summary judgment, on December 21, 2012. In her response, Plaintiff asserts that Debtor never benefited from his time at the Property because he spent the majority of his time there making improvements. Plaintiff asserts that Boran is the true owner of the Property, not Ferguson. Under the facts, Boran and Ferguson both received a benefit from Debtor's labor. Plaintiff also asserts that Ferguson visited the Property twice while Debtor was working there and knew of the improvements being completed. Finally, Plaintiff asserts that Boran was in a relationship with Debtor only for his labor on the Property.

Boran and Ferguson each filed separate replies to Plaintiff's combined response on December 28, 2012. Both replies effectively reassert arguments with a few non-notable exceptions.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 56(a), applicable to this proceeding by way of Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is not appropriate if a material dispute of the facts arises such that a "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Parties do not dispute the applicable law on unjust enrichment in the State of Ohio. A plaintiff must establish that: 1) there is a benefit conferred by the plaintiff to the defendant; 2) knowledge by the defendant of the benefit; and 3) defendant's retention of the benefit under circumstances where it would be unjust to do so with payment. Hambleton v. R.G. Barry Corp., 465 N.E.2d 1298, 1302 (Ohio 1984) (citing Hummel v. Hummel, 14 N.E.2d 923 (Ohio 1938)). Enrichment alone is not sufficient; rather, the plaintiff "must show a superior equity so it would be unconscionable for [the defendant] to retain the benefit." Anderson v. Baker, 2008 Ohio 6919, P42 (Ohio Ct. App. 2008). Thus, recovery under unjust enrichment is proper only where one has been unjustly enriched. Seward v. Mentrup, 622 N.E.2d 756, 758 (Ohio Ct. App. 1993).

Further, "[t]he issue of unjust enrichment does not arise with absolute gifts because 'enrichment of the donee is the intended purpose of a gift'" and any enrichment of the donee is not unjust. Cooper v. Smith, 800 N.E.2d 372, 379 (Ohio Ct. App. 2003) (quoting Lane v. Saunders,

1985 Ohio App. LEXIS 10033 (Ohio Ct. App. Dec. 13, 1985)). While a donor can impose conditions on a gift so that the gift fails if the conditions fail, there must be evidence that the gift was given on those conditions. Cooper, 800 N.E.2d at 379. In the Cooper case, the plaintiff brought a claim of unjust enrichment for improvements that he paid for on his ex-girlfriend's house. Id. at 380. The plaintiff contends that he only paid for the improvements because he believed he would be living there for the rest of his life. Id. The court found that the improvements were an unconditional gift because nothing in the record supported that the plaintiff told his ex-girlfriend that he was paying for the improvements because he planned on living in the house. Id.

The instant matter is very similar to Cooper. Debtor made improvements to the Property because he was involved in a relationship with Boran. Debtor may have expected that he would also benefit from those improvements, like the plaintiff in Cooper. However, there is no evidence to support that Debtor made a conditional gift to Boran. Plaintiff's response indicates that Debtor only asked for payment for his labor when he and Boran separated. After their relationship resumed, Debtor never asked for any benefit as a result of his labor again, either through the use of the Property or through monetary payment. Further, Debtor continued to make improvements to the Property after they reunited without any expectations of a benefit for his labor. Debtor's labor for these improvements was a gift. Bankruptcy courts cannot be the place where failed romantic entanglements are weighed on a balance and the scores evened. There must be than totaling up the labor contributions and declaring, "Unfair!" Just as labor given to a charity is not tax deductible, labor given to another is not compensable in the absence of additional facts.

In the case of Seward, the plaintiff spent money to improve and renovate her partner's residence during a time when she also resided at the residence. 622 N.E.2d at 757. The court found no unjust enrichment because the partner did not promise that she would reimburse the plaintiff for the improvements and because the plaintiff resided at the residence for nine years, enjoying the benefits of the improvements. Id. at 757-58. The Seward case is also similar to the instant matter. There is no allegation that Defendants promised to repay Debtor for his labor for the improvements. Further, Debtor received a benefit from staying at the Property while making improvements. Plaintiff argues that Debtor was never able to enjoy the Property because he was only working on improvements. However, Debtor states that while at the Property, he had bonfires. This indicates to the Court that Debtor partook in recreation while at the Property. Thus, Debtor, by staying at the Property with Boran and by engaging in recreation at the Property, received a benefit for his contribution to the improvements.

Plaintiff cites the case of Stone v. Stone, 2002 Ohio 2677 (Ohio Ct. App. 2002) to support the allegation that Defendants were unjustly enriched. In the case of Stone, the court affirmed the trial court's finding of unjust enrichment because the plaintiff had made improvements to the property of his ex-girlfriend[2] before the termination of their relationship. Id. at 97-98. The court reviewed and distinguished the Seward case because, in Stone, the plaintiff was jointly liable on the mortgage and note for the property. Id. at 98. Likewise, Stone is distinguishable from the

---

[2] The defendant was actually the ex-spouse of the plaintiff. The parties had divorced in 1989 but continued to co-habitat through October 2000.

12-06036-rk    Doc 48    FILED 01/17/13    ENTERED 01/18/13 08:30:07    Page 4 of 5

instant matter for the same reason: Debtor is not liable on the mortgage and note for the Property.

Following from the above, the Court finds that there is no material dispute that there is no unjust enrichment of Defendants by Debtor's contribution to the improvements of the Property. Accordingly, summary judgment in favor of the Defendants is appropriate.

An order will be entered simultaneously with this opinion.

#   #   #

**Service List:**

Michael J Moran
Gibson & Lowry
PO Box 535
234 Portage Trail
Cuyahoga Falls, OH 44222

Lisa M. Barbacci, Trustee
P.O. Box 1299
Medina, OH 44258-1299

Robert E Soles, Jr
Washington Square Office Park
6545 Market Avenue, N
North Canton, OH 44721-2430

Korena Boran
3328 SR 45 South
Salem, OH 44460

Darl Ferguson
10490 Salineville Road
Salineville, OH 43945

5

12-06036-rk    Doc 48    FILED 01/17/13    ENTERED 01/18/13 08:30:07    Page 5 of 5